UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-313-JBC

MARK JORDAN,                                                                                            PLAINTIFF,

V.                              MEMORANDUM OPINION AND ORDER

COOPERATIVE BENEFIT ADMINISTRATORS, INC.
and EAST KENTUCKY POWER COOPERATIVE, INC.,                        DEFENDANTS.

* * * * * * * * * *

This matter is before the court on Cooperative Benefit Administrators' motion for judgment on the administrative record (DE 14) and on East Kentucky Power Cooperative's motion for summary judgment (DE 15). The plaintiff has not responded to either motion. The court, having reviewed the record and being duly advised, will grant both motions.

I.      Facts:

The plaintiff, Mark Jordan, is a former employee of the East Kentucky Power Cooperative ("EKPC"). EKPC is a member of the National Rural Electric Cooperative Association, which sponsored a group disability plan (the "Plan"). This Plan, in which Jordan participated, is governed by ERISA and administered by Cooperative Benefit Administrators ("CBA"). In September 2000, Jordan was injured while working for EKPC. As a result of this injury, Jordan filed a worker's compensation claim, which settled in 2004. A condition of this agreement was that Jordan would retain his right to prospective benefits under EKPC's group health, life, and retirement benefit plans.

In January 2002, as a result of his workplace injury, Jordan began receiving

long-term disability benefits under the terms of the Plan. The Plan has two different standards for evaluating disability. During the first twenty-four months, a claimant is "disabled" if he is "completely unable to perform any and every duty pertaining to [his] occupation." After this time, the claimant is "disabled" only if he is "completely unable to engage in any and every gainful occupation for which [he] is reasonably fitted by education, training or experience." In March 2004, CBA terminated Jordan's benefits, finding that he was not precluded from all gainful employment. After Jordan's administrative appeal was denied, he sought judicial review in this court.

Jordan alleges that CBA and EKPC denied his claim for benefits in violation of the terms of the Plan. Additionally, he alleges that EKPC breached the settlement agreement by failing to continue to provide medical and life insurance. The defendants have moved for judgment as a matter of law on both of these claims.

**II.     Denial of Benefits**

An administrator's decision to deny benefits is reviewed under a *de novo* standard unless the Plan provides the administrator with "discretionary authority to determine eligibility for benefits or to construe the terms of the Plan." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998) (citing *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101, 115 (1989)). When a Plan administrator has discretionary authority to determine benefits, the court reviews the decision to deny benefits under the "highly deferential arbitrary and capricious standard of review." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir.

1996). In this case, the court will apply the arbitrary-and-capricious standard of review because the Plan gives CBA discretionary authority over the Plan's administration. (CBA 014-015).

In applying the arbitrary-and-capricious standard, the court must decide whether the Plan administrator's decision was rational in light of the Plan's provisions. Where it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000). Jordan claims to suffer from debilitating pain which prevents him from working. However, CBA's review of the medical record shows that no objective medical evidence supports this allegation. Rather, CBA cites a significant body of evidence suggesting that Jordan is physically capable of returning to work and that he has exaggerated his symptoms.[1] In light of the record, which contains ample evidence to support CBA's position, this decision was not arbitrary or capricious.

Where an employer does not have control over the administration of a plan, it is not a proper party-defendant. *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). To recover against one's employer, the plaintiff-employee must allege that the employer administered the Plan or influenced the decision to deny benefits. *See, e.g., Best v. Nissan Motor Corp.*, 973 F. Supp. 770, 775 (M.D. Tenn. 1997) (dismissing

---

[1] CBA cites an Independent Medical Examination ("IME") from Dr. David Shraberg; medical records from Jordan's radiologists; an IME from Dr. Henry Tutt; a functional capacity evaluation from Charles Hazel; a psychological exam from Dr. Christopher Allen; and information from Jordan's treating physicians.

complaint where Plan identified Aetna as administrator and presented no allegation that Nissan was an administrator). A plan administrator is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(I). In this case, the Plan does not identify EKPC as having any control over the Plan. Nor does Jordan allege that EKPC influenced the administration of the Plan or made a decision as to his claim for benefits. Therefore, EKPC is entitled to judgment on Jordan's claim under ERISA.

### III. Breach of Contract

EKPC argues that it has not failed to provide benefits in contradiction of the settlement agreement and seeks summary judgment on this claim. "Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The initial burden of showing the absence of a genuine issue of material fact is on the moving party. *Id*. Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The settlement agreement provides that "the employee retains his rights under group health, life insurance, and retirement plans as to any prospective benefits to

which he is entitled." EKPC claims that Jordan's right to benefits was conditioned on his continuing eligibility for those benefits, and that Jordan became ineligible when CBA terminated his long-term disability benefits. This claim is properly supported by affidavit. In response, Jordan offers no argument or contradictory evidence suggesting a disputed issue of material fact. Therefore, EKPC is entitled to summary judgment. Accordingly,

**IT IS ORDERED** that CBA's motion for judgment on the administrative record (DE 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that EKPC's motion for summary judgment (DE 15) is **GRANTED**.

Signed on August 14, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY